<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PRESTON AND PAMELA HILLS,<br><br>          Plaintiffs,<br><br>      v.<br><br>BANK OF AMERICA,<br><br>          Defendant. | Civil Action No. 13-4960 (ES) (MAH)<br><br>OPINION AND ORDER |

SALAS, DISTRICT JUDGE

## I. INTRODUCTION

Before the Court is Defendant Bank of America's Motion to Dismiss the Amended Complaint. (D.E. No. 16). The Court has considered the relevant submissions accompanying the instant motion and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons below, Defendant's motion is GRANTED in part and DENIED in part.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Court reviewed the facts of this matter in its July 30, 2014 Opinion dismissing Plaintiffs' original Complaint, (D.E. No. 11 ("Op.") at 1-3), but it briefly reviews them again here for convenience.

On March 31, 2012, Plaintiffs Preston and Pamela Hills' (Plaintiffs) house was destroyed in a fire. (D.E. No. 13 ("Am. Compl.") ¶ 5). Plaintiffs' insurance company, Homesite Home Insurance ("Homesite"), determined that the Replacement Cost Value of the house was $490,282.48. (*Id.* ¶ 10). Accordingly, Homesite mailed a check for $367,211.86 to Plaintiffs

1

(*Id.* ¶ 11).[1]  The check was made jointly payable to Plaintiffs and Defendant Bank of America, as required by the insurance policy. (*Id.*).  Plaintiffs' attorney mailed a check for $367,211.86 to Defendant and, on July 17, 2012, Defendant cashed the check. (*Id.* ¶¶ 13–14).

On July 25, 2012, Defendant sent Plaintiffs a letter setting forth obligations for the disbursement of insurance funds. (*Id.* ¶ 29).  That same day, Defendant sent Plaintiffs another letter requesting (1) a valid W-9 signed by the contractor and (2) a copy of the contractor's estimate. (*Id.*).  Plaintiffs asked their attorney to contact Defendant and inquire about the requirements needed for disbursement of insurance funds. (*Id.* ¶ 38).  Defendant did not respond to communications from Plaintiffs' attorney. (*Id.* ¶ 44).  Ms. Hills began calling Defendant and, between October 2012 and February 2013, she spoke with seventeen different representatives for Defendant and faxed documents multiple times to complete their request for disbursement of insurance funds. (*Id*. ¶¶ 48–88).

As of July 29, 2014, the date Plaintiffs filed their Amended Complaint, Plaintiffs had received initial funds from Defendant to pay for the first phase of construction, design, and foundation. (*Id.* ¶¶ 91–92).  On April 17, 2013, Defendant's inspector examined the house and determined that twenty-five percent of the job had been completed. (*Id.* ¶¶ 94–95).  Though Plaintiff's contractor has requested a second check for $123,401.00 to erect the framing and roof of the house, (*id.* ¶ 93), Defendant has refused to release more funds because Plaintiffs have only completed twenty-five percent of the project. (*Id.* ¶ 96).  Plaintiffs do not contest that, in total, Defendant and its successor loan service, Nationstar Mortgage, LLC, have disbursed a total of $337,651.13 to Plaintiffs in insurance funds since April 2013. (*See* D.E. No. 16-1, Brief in Support of Motion to Dismiss ("Def. Mov. Br.") at 3 n.3).

---

[1] Homesite withheld $122,570.62 as recoverable depreciation that could be disbursed at a later date, provided that Plaintiffs' home was fully rebuilt within 180 days. (Am. Compl. ¶ 12).

On May 16, 2013, Plaintiffs filed this action in the Superior Court of New Jersey, Law Division, Sussex County. (D.E. No. 1, Notice of Removal at 2). On August 16, 2013, the case was removed to this Court. (*Id.* at 1). On November 6, 2013, Defendant moved to dismiss all six counts of Plaintiffs' Complaint. (D.E. No. 7). The Court granted the motion in its Opinion and Order dated July 30, 2014, and gave Plaintiffs 30 days to file an amended Complaint. (Op. at 17; D.E. No. 12 ("Order")). Plaintiffs filed their Amended Complaint on July 29, 2014, alleging only two causes of action: (1) breach of contract, and (2) violation of the covenants of good faith and fair dealing. (Am. Compl.). Defendant moved to dismiss the Amended Complaint on August 26, 2014, (Def. Mov. Br.), and Plaintiff opposed on September 22, 2014 ("D.E. No. 21, Brief in Opposition to Motion to Dismiss ("Pl. Opp. Br.")). Defendant did not file a reply, and its motion is now ripe for resolution.

### III.  LEGAL STANDARD

` Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard announced by Rule 8 does not require detailed factual allegations; however, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Furthermore, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citation omitted).

**IV.   DISCUSSION**

   **a. Breach of Contract**

Under New Jersey law, a plaintiff must allege four elements to state a cause of action for breach of contract: (1) a valid contract; (2) breach of that contract; (3) damages resulting from that breach, and (4) the party stating the claim performed its own contractual obligations. *Tredo v. Ocwen Loan Servicing, LLC*, No. 14-3013, 2014 WL 5092741, at *6 (D.N.J. Oct. 10, 2014) (citing *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007)). The parties do not dispute that the mortgage agreement constitutes a valid contract between the parties. Rather, the dispute centers on whether Bank of America breached that valid contract. Plaintiffs' allege that

Defendant breached provisions of the Mortgage Agreement requiring Defendant's "prompt inspection" of the Hills' property and "reasonable" disbursement of funds. (Am. Compl. ¶ 22-25, 108-12; *see also* D.E. No. 16-4 ("Mortgage Agr.") ¶¶ 3, 5, 6, 7).

Under the Mortgage Agreement, "[l]ender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly." (Mortgage Agr. ¶ 5). Defendant argues that Plaintiffs have not pled facts supporting any breach of the agreement, and, to the contrary, Plaintiffs' allegations "show that BANA *complied* with the terms of the Mortgage in disbursing the insurance funds." (Def. Mov. Br. at 5) (emphasis in original).

The Court agrees with Defendant. Plaintiffs have not pled facts demonstrating breach of contract due to Defendant's failure to promptly inspect Plaintiffs' property or disburse funds. Plaintiffs provided Defendant with documentation required for disbursement (namely, the complete and accurate W-9 form for Plaintiffs' contractor) on December 24, 2012. (Def. Mov. Br. at 3; Pl. Opp. Br. at 5; Am. Compl. ¶ 62). Defendant approved the first disbursement of funds within weeks of receiving that documentation. (Def. Mov. Br. at 3; Am. Compl. ¶ 65). Defendant inspected Plaintiff's property on April 17, 2013. (Def. Mov. Br. at 3; Am. Compl. ¶ 94). Thus, it appears that Defendant began to disburse funds even *before* it inspected the property, even though the Mortgage Agreement permits Defendant to wait until *after* a prompt inspection occurs. In addition, Plaintiffs have not established that a four-month lapse between Plaintiffs' submission of paperwork and Defendant's property inspection constitutes a failure to "promptly" inspect. Plaintiffs have therefore failed to allege facts demonstrating that Defendant breached the Mortgage Agreement, and their breach of contract claim cannot survive.

### b. Implied Covenant of Good Faith and Fair Dealing

Plaintiffs' second cause of action is breach of the implied covenant of good faith and fair dealing. "All contracts, under New Jersey law, include an implied covenant that the parties to the contract will act in good faith." *Tredo*, 2014 WL 5092741, at *6 (citing *Sons of Thunder, Inc. v. Borden, Inc.*, 148 N.J. 396, 420 (1997)). The implied covenant of good faith and fair dealing "mandates that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* (quoting *Seidenberg v. Summit Bank*, 348 N.J. Super. 243, 254 (N.J. Super. Ct. App. Div. 2002)).

However, breach of the implied covenant of good faith and fair dealing does not create an independent cause of action when it is based on the same underlying conduct as the breach of contract claim. *Id.* (citing *Wade v. Kessler Inst.*, 343 N.J. Super. 338 (N.J. Super. Ct. App. Div. 2001), *aff'd as modified*, 172 N.J. 327 (2002)). Rather, breach of the implied covenant of good faith and fair dealing may be an independent cause of action only under three limited circumstances:

> "(1) to allow the inclusion of additional terms and conditions not expressly set forth in the contract, but consistent with the parties' contractual expectations; (2) to allow redress for a contracting party's bad-faith performance of an agreement, when it is a pretext for the exercise of a contractual right to terminate, even where the defendant has not breached any express term; and (3) to rectify a party's unfair exercise of discretion regarding its contract performance."

*Kumon N. Am., Inc. v. Timban*, No. 13-4809, 2014 WL 2812122, at *7-8 (D.N.J. June 23, 2014) (quoting *Barrows v. Chase Manhattan Mortg. Corp.*, 456 F. Supp. 2d 347, 365 (D.N.J. 2006)). "Under New Jersey law, a claim for breach of the duty of good faith and fair dealing requires a showing of 'bad motive or intention' . . . though at the pleading stage all that is required is an allegation of bad faith." *Alin v. Am. Honda Motor Co., Inc.*, No. 08-4825, 2010 WL 1372308, at

6

\*12 (D.N.J. Mar. 31, 2010) (citing *Wilson v. Amerada Hess Corp.*, 168 N.J. at 236, 236 (2001); *Seidenberg v. Summit Bank*, 348 N.J. Super. 243, 257 (App. Div. 2002)).

Here, Plaintiffs have not pled facts showing circumstances (1) or (2)—they have not alleged that the parties had contractual expectations not explicitly included in the contract, nor have they alleged that Defendant engaged in bad faith as a pretext to terminate. However, Plaintiffs have pled facts giving rise to the possibility that—even if Defendant did not breach the Mortgage Agreement—it exercised unfair discretion regarding its contract performance to the "effect of destroying or injuring the right of the other party to receive the fruits of the contract." *See Seidenberg*, 348 N.J. Super. at 254. To start, Plaintiffs have specifically alleged that Defendant's actions constitute "failures to act in good faith and in the absence of fair dealing." (Am. Compl. ¶ 121). In addition, Plaintiffs include various allegations that Defendant unfairly exercised its discretion with respect to disbursing funds to Plaintiff. For example, Plaintiff alleges that Bank of America unfairly exercised its discretion regarding its contractual obligations by: failing to provide Plaintiffs with information about their disbursement requests and status, (*Id.* ¶¶ 48-89); "refus[ing] to release any more funds, citing the fact that the Hills have completed 25% of the project," (*Id.* ¶ 97); "routinely demand[ing] information already in its files, thus delaying and thwarting the disbursement process," (*Id.* ¶ 119); and "routinely and intentionally [allowing information] to languish in its files without action so as to render such information 'stale' and useless according to their own procedures . . . so as to justify continued inaction on the insurance disbursement process," (*Id.* ¶ 119). Plaintiffs further allege Defendant's action has resulted in harm to Plaintiffs and the deprivation of their right to receive the fruits of the contract, *i.e.*, disbursement funds. (*Id.* ¶¶ 119-121). The Court is guided by the liberal pleading standards of Fed. R. Civ. P. 8, and therefore it is inclined to give Plaintiffs the

benefit of the doubt and allow this claim to proceed to discovery.  *See Alin*, 2010 WL 1372308, at *12 (finding Plaintiff stated claim for breach of good faith and fair dealing due to "unfair exercise of discretion" where plaintiff alleged that defendant, *inter alia*, refused to cover certain repairs under a warranty).  At the same time, Plaintiff is on notice that the evidence must clearly show actual bad faith on Defendant's part.   Otherwise, the Court invites Defendant to revisit this motion at the close of discovery.

## V.     CONCLUSION

For the reasons above, the Court GRANTS Defendant's motion to dismiss Count I of the Second Amended Complaint and DENIES Defendant's motion to dismiss Count II of the Second Amended Complaint.

Accordingly, it is on this 17th day of March 2015,

**ORDERED** that Defendant's motion to dismiss the Second Amended Complaint, (D.E. No. 16), is granted *with prejudice* as to Count I; and it is further

**ORDERED** that Defendant's motion to dismiss the Second Amended Complaint is denied in all other respects.

**SO ORDERED.**

*/s Esther Salas*_____
Esther Salas, U.S.D.J.

8